Carl WIDMER *v.* Raymond WIDMER, Executor of the Estate of Walter WIDMER, Deceased

86-302                                    729 S.W.2d 422

Supreme Court of Arkansas
Opinion delivered June 8, 1987
[Rehearing denied July 13, 1987.]

*Appellant*, pro se.

*Hardin, Jesson & Dawson*, by: *Bradley D. Jesson*, for appellee.

DARRELL HICKMAN, Justice. This is the third appeal in this case. *Widmer* v. *Widmer*, No. 85-217 (Ark. App. February 26, 1986); *Widmer* v. *Widmer*, 288 Ark. 381, 705 S.W.2d 878 (1986). In the last appeal, we held that the fees received by the attorney for the estate could not be retained for services which he performed while his license was suspended for failure to pay his license fee. On remand, appellant argued the attorney knew that his license was suspended at the time of the hearing admitting the will into probate. Therefore, the attorney practiced deceit and fraud upon the probate court. A motion was filed to vacate the order admitting the will to probate. After a hearing the probate judge found that the motion was barred by the doctrine of law of the case and *res judicata*.

The appellant, Carl Widmer, argues that he had no proof or knowledge that the lawyer Tuohey acted with deceit and fraud until the matter was last remanded. Therefore, his motion to dismiss should not be barred by *res judicata*. The judge found otherwise; he correctly found that the motion could have been filed.

Affirmed.