Carl WIDMER *v.* Robert C. TAYLOR, et al.

88-84                                756 S.W.2d 903

Supreme Court of Arkansas
Opinion delivered September 26, 1988

*Carl Widmer*, for appellant.

*Douglas, Hewett and Shock*, by: *J. Randolph Shock*, for appellee Raymond F. Widmer.

*Jones, Gilbreath, Jackson & Moll*, by: *Robert L. Jones III*, for appellees Robert C. Taylor; Warner, Warner, Ragon & Smith; and Warner & Smith.

DARRELL HICKMAN, Justice. This is the sixth appeal regarding this case. *Widmer* v. *Widmer*, 293 Ark. 296, 737 S.W.2d 457 (1987); *Widmer* v. *Widmer*, 292 Ark. 486, 731 S.W.2d 209 (1987); *Widmer* v. *Widmer*, 292 Ark. 384, 729 S.W.2d 422 (1987); *Widmer* v. *Widmer*, 288 Ark. 381, 705 S.W.2d 878 (1986); *Widmer* v. *Widmer*, No. CA85-217 (Ark. App. February 26, 1986).

This time Carl Widmer has sued Robert Taylor. Taylor is the lawyer who prepared Widmer's father's will which has been the subject of so much litigation. The suit sounded in tort for legal malpractice, fraud and wrongful death.

The trial judge dismissed the complaint for failure to state a claim, the statute of limitations, and *res judicata*/collateral estoppel and law of the case.

On appeal, we affirm. The appellant's abstract, which consists of extensive verbatim reproduction of the record, clearly violates Ark. Sup. Ct. Rule 9(d). Added to that shortcoming, which leaves us without an impartial abridgement of the record, is the appellant's brief. It is an incoherent conglomeration of statements and arguments which cannot be fairly characterized as a legal brief.

Several times we have dismissed arguments because they are not convincing or lack authority. *Reed* v. *Alcoholic Beverage Control Division*, 295 Ark. 9, 746 S.W.2d 368 (1988); *Eddleman* v. *Estate of Farmer*, 294 Ark. 8, 740 S.W.2d 141 (1987).

In this case we affirm the court's decision for that reason and for failure to comply with Rule 9(d).