Carl WIDMER *v*. John T. TOUHEY, Attorney at Law, and Raymond R. Widmer

88-146                                    759 S.W.2d 562

Supreme Court of Arkansas
Opinion delivered November 14, 1988

*Carl Widmer*, pro se.

*Douglas, Hewett and Shock*, by: *J. Randolph Shock*, for appellee Raymond R. Widmer.

ROBERT H. DUDLEY, Justice. ▪Carl Widmer again appeals from an adverse decision in yet another suit against his brother, Raymond Widmer. *See Widmer* v. *Widmer*, 293 Ark. 296, 737 S.W.2d 457 (1987); *Widmer* v. *Widmer*, 292 Ark. 486, 731 S.W.2d 209 (1987); *Widmer* v. *Widmer*, 292 Ark. 384, 729 S.W.2d 422 (1987); *Widmer* v. *Widmer*, 288 Ark. 381, 705 S.W.2d 878 (1986); *Widmer* v. *Widmer*, 479 U.S. 849 (1986); *Widmer* v. *Widmer*, No. CA-85-217 (Ark. App. Feb. 26, 1986) (unpublished opinion). Also, he once again joined one of the lawyers for his brother in the suit. *See Widmer* v. *Taylor, et al.*, 296 Ark. 337, 756 S.W.2d 903 (1988). This time he sued his brother and John T. Touhey, alleging that throughout their attorney-client relationship they conspired against Walter Widmer, Carl and Raymond's father. Raymond Widmer moved for dismissal of the complaint against him. The motion was granted. As far as we can discern from the record, Touhey remains a defendant in the case below. ARCP Rule 54(b) allows a trial court to direct the entry of a final judgment as to one or more but fewer than all of the parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. "In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, . . . ." Ark. R. App. P. 2. The order appealed from had no such determination and direction. Accordingly, it is not a final appealable order. We are obliged to raise the point because it is a jurisdictional requirement. *Kilcrease* v. *Butler*, 291 Ark. 275, 724 S.W.2d 169 (1987); Ark. R. App. P. 2.

Appeal dismissed.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. Appellees request that this

court impose sanctions for frivolous litigation pursuant to ARCP Rule 11, a rule cognizable in the trial courts. Because sanctions were not requested by appellees below, this court may not consider Rule 11 sanctions when appellees raise such a request for the first time on appeal.

Appellees have properly requested that Rule 9(e) of the Rules of the Supreme Court be imposed because of the appellant's deficient abstract. Appellant's abstract is not only deficient, but also his brief, including argument, is truly bewildering and a repeat of most of the same assertions offered in one form or another in his seven earlier appeals. While I agree with this court's dismissal of this case, I would also award whatever costs the appellees have incurred when supplementing their abstract in this appeal.