Nancy WILLIS, as Mother and Next Friend of Tina Raynee Adams, A Minor, and Melissa Sharron Adams Pruitt *v.* ESTATE OF William Sherman ADAMS, Deceased, and Tracy Charlene Slote

90-158                                            799 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered December 3, 1990

*Jack Skinner*, for appellant.

*Walters Law Firm, P.A.*, by: *James B. Pierce*, for appellee.

TOM GLAZE, Justice. This is the second appeal in this probate case. The executor of William Sherman Adams's estate

brought the first appeal from the trial court's decision finding the deceased's two grandchildren, Tina and Melissa, pretermitted heirs and upholding the constitutionality of Ark. Code Ann. § 28-39-307(b) (1987), the pretermitted heir statute. We upheld the statute's validity. *Holland* v. *Willis*, 293 Ark. 518, 739 S.W.2d 529 (1987).

Following *Holland*, the probate court added Tracy Slote as a pretermitted heir to its earlier order. Tina and Melissa, having complied with ARCP Rule 54(b), now bring this interlocutory appeal, contending the "law of the case" of the *Holland* decision precluded the trial judge from adding Slote and giving her a distributive share of the estate. We affirm.

■ Arkansas follows the general rule that an argument which could have been raised in the first appeal and is not made until a subsequent appeal is barred by the law of the case. *Alexander* v. *Chapman*, 299 Ark. 126, 771 S.W.2d 744 (1989). We also have said that the law of the case doctrine prevents consideration of an argument that could have been made at the first trial. *Id.*; *see also Widmer* v. *Widmer*, 292 Ark. 384, 729 S.W.2d 422 (1987). Here, a hearing was held on the issue of pretermitted heirs on February 26, 1987, prior to the first appeal. Therefore, Tina and Melissa argue that Tracy could have challenged at trial and on appeal the trial judge's decision naming only Tina and Melissa as pretermitted heirs. They further argue that, while Tracy had been listed as an heir and given notice of all probate proceedings, Tracy failed to appear at the February 26 hearing to show that she was a grandchild of the deceased.[1]

Tina and Melissa filed a petition for their statutory shares as pretermitted heirs on June 10, 1986. On February 26, 1987, a hearing was held on the petition and on the issue raised by the estate regarding the constitutionality of the pretermitted heir statute. Although Tina and Melissa claim Tracy received notice of all the hearings below, we have thoroughly searched the record and nowhere find she had notice of the February 26 hearing or its purpose. At the closing of all the testimony in that hearing, the

---

[1] At the hearing following *Holland*, Tracy was shown to be the adopted daughter of . Bill Adams, the deceased's son. Thus, Tracy was shown to be one of the deceased's grandchildren, and no question is raised in this appeal concerning that relationship.

estate's attorney informed the trial judge that Tracy had also been named as a granddaughter and surviving heir, but he was uncertain as to her legal status. He told the judge that Tracy had been served with the estate's original petition, but she had not filed a claim prior to the February 26 hearing. Upon conclusion of the hearing, the trial judge made no actual finding as to Tracy but did determine and order that Tina and Melissa each were entitled as pretermitted heirs to a one-quarter share of the estate.

■ Upon our review of the record, we are unable to say Tracy knew that her status as a grandchild was in dispute, nor that she had been notified that a hearing was scheduled to determine either her rights or Tina's and Melissa's as pretermitted heirs. That being true, it is impossible to conclude that Tracy could have questioned either at trial or on appeal the trial judge's earlier order which omitted any reference to Tracy and named only Tina and Melissa as pretermitted heirs. As a consequence, we hold that the law of the case is inapplicable here.

In its order awarding Tracy a one-sixth distributive share in the estate, the trial court found no one had presented any proof that negated Tracy's position and relationship to the decedent or that showed she had abandoned her claim as an heir. Under these circumstances, we agree with the trial court that to deny her claim would be patently unjust. Therefore, we affirm.