McDONALD'S CORPORATION *v.* Marlin HAWKINS and Marvine Hawkins, His Wife

93-641                                         868 S.W.2d 78

Supreme Court of Arkansas
Opinion delivered January 10, 1994

*Boswell, Tucker & Brewster*, by: *Dennis J. Davis*, for appellant.

*Mark Cambiano*, for appellee.

ROBERT L. BROWN, Justice. The appellant, McDonald's Corporation, appeals from a default judgment entered in favor of the appellees, Marlin Hawkins and Marvine Hawkins, his wife. The Hawkinses have declined to file a responsive brief. One issue is raised on appeal — whether a motion to set aside a default judgment is deemed denied within 30 days of filing under Ark. R. App. P. 4(c). Because the chancellor apparently decided this issue in McDonald's favor, we dismiss the appeal.

On August 9, 1992, the Hawkinses sold certain land in Conway County to McDonald's. The parties also agreed to a restrictive covenant whereby the Hawkinses would not use adjoining land for restaurant purposes except for a "sit down restaurant connected with a hotel or motel" for a period of 20 years.

Thereafter, the Hawkinses filed a petition to abrogate the restrictive covenant as void against public policy. On November 4, 1992, a summons and petition were mailed to McDonald's. The return receipt stated that the petition and summons were received and signed for by an appropriate representative of that corporation on November 6, 1992. The summons apparently warned McDonald's, an out-of-state corporation, that it had 20 days to respond instead of 30 days. McDonald's did not respond.

On December 17, 1992, which was 41 days after McDonald's was served by mail, the Hawkinses submitted a default judgment voiding the restrictive covenant which the chancellor signed. On January 15, 1993, McDonald's filed a motion to set aside the default judgment and contended that it had a "meritorious defense" to the petition in that service upon it was defective in warning that the response time was 20 days rather than 30 days. On March 4, 1993, the chancellor heard McDonald's motion. At that hearing, the chancellor raised the question of whether the motion was deemed denied under Ark. R. App. P. 4(c) because it had not been heard within 30 days from its filing. He requested briefs from the parties.

On April 12, 1993, the chancellor issued his letter opinion finding that: (1) the motion to set aside the default judgment was filed within 90 days from the judgment; (2) the summons designating the 20-day response period was not so defective as to render the service void; (3) the erroneous response period ren-

dered the service merely voidable; and (4) McDonald's presented no justification for its delay in answering to warrant a setting aside of the judgment. The chancellor concluded that the default judgment should stand, and an order was entered denying the motion.

■ We first observe that the issue McDonald's raises on appeal appears to have been decided in its favor. McDonald's contends that its motion to set aside the default judgment is not a Rule 59 motion deemed denied 30 days from filing under Ark. R. App. P. 4(c), but rather a Rule 60 motion which can be filed within 90 days from judgment. The chancellor appears to have found exactly that in his letter opinion:

> In reading both ARCP 55 and ARCP 60 with your excellent briefs I have concluded ARCP 60(b) grants 90 days within which to set aside a judgment for excusable neglect, among other reasons.

The chancellor then proceeded to address the merits of the motion.

This issue is, therefore, moot. Moreover, McDonald's is not an aggrieved party with standing to raise the issue on appeal. *Insurance from CNA* v. *Keene Corp*, 310 Ark. 605, 839 S.W.2d 199 (1992). This court does not issue advisory opinions and declines to do so under the circumstances of this case. *See Johnson* v. *State*, 314 Ark. 471, 863 S.W.2d 305 (1993); *Gladden* v. *Bucy*, 299 Ark. 523, 772 S.W.2d 612 (1989); *General Publishing Co.* v. *Erxleben*, 283 Ark. 136, 671 S.W.2d 182 (1984); *Beard* v. *Beard*, 207 Ark. 863, 183 S.W.2d 44 (1944). We, accordingly, refrain from addressing the issue of whether the motion to set aside the default judgment was deemed denied 30 days from filing.

■■ There is one further point. Ordinarily, this court reviews chancery cases *de novo. See, e.g., City of Sherwood* v. *Cook*, 315 Ark. 115, 865 S.W.2d 293 (1993); *Ingram* v. *Wirt*, 314 Ark. 553, 864 S.W.2d 237 (1993); *Mobley* v. *Harmon*, 313 Ark. 361, 854 S.W.2d 348 (1993); *Guaranty Nat'l Ins.* v. *Denver Roller, Inc.*, 313 Ark. 128, 854 S.W.2d 312 (1993). Yet, when there is no party that has been disadvantaged by an adverse ruling, there is no justiciable issue, and the appellate court has no jurisdictional basis upon which to entertain the appeal. That is exactly

what confronts us in this case. McDonald's prevailed before the chancellor on the sole point raised in this appeal and has no standing to prosecute the matter further at the appellate level.

The appeal, therefore, is dismissed.

HAYS and GLAZE, JJ., not participating.