McDONALD'S CORPORATION *v.*
Marlin HAWKINS and Marvine Hawkins

93-912                                          888 S.W.2d 649

Supreme Court of Arkansas
Opinion delivered December 12, 1994
[Supplemental Opinion on Denial of Rehearing
March 6, 1995*]

*Boswell, Tucker & Brewster,* by: *Dennis J. Davis,* for appellant.

*Mark S. Cambiano,* for appellees.

JACK HOLT, JR., Chief Justice. The present case is the second appeal in this matter. In *McDonald's Corp.* v. *Hawkins,* 315 Ark. 487, 868 S.W.2d 78 (1994), we observed that the chancellor, in his letter opinion, had found in McDonald's favor that Ark. R. Civ. P. 60(b) allows ninety days within which to set aside a judg-

---

*Dudley and Newbern, JJ., concur; Glaze and Roaf, JJ., not participating.

ment for excusable neglect and had then entertained the merits of McDonald's motion to set aside the default judgment. Consequently, we dismissed the appeal on the basis of mootness. Regarding the appeal now before us, it is necessary to affirm the trial court, as will be seen, under the doctrine of the law of the case.

The factual background is set forth in our earlier opinion. A single issue is raised in the present appeal from a decision by the Conway County Chancery Court denying a motion by appellant McDonald's Corporation to set aside a default judgment rendered in favor of appellees Marlin and Marvine Hawkins. McDonald's argues that the chancellor erred in finding, in his order denying the motion, that McDonald's had not met the requirements of Ark. R. Civ. P. 55(c) "justifying its failure to answer the complaint." According to McDonald's, a motion to set aside a default judgment should be granted upon a showing that the movant was served with a defective summons and that movant has a meritorious defense to the action.

As mentioned earlier, in the first appeal in this matter, *McDonald's Corp.* v. *Hawkins, supra*, we specifically stated that the chancellor, after having made his findings in his letter opinion, "then proceeded to address the merits of the motion [to set aside the default judgment]." 315 Ark. at 489, 868 S.W.2d at 80. Because the chancellor addressed the merits of the motion to set aside the default judgment, the present matter is controlled by the doctrine of the law of the case.

An argument that could have been raised in the first appeal and is not made until a subsequent appeal is barred by the law of the case. *Willis* v. *Estate of Adams*, 304 Ark. 35, 799 S.W.2d 800 (1990); *Alexander* v. *Chapman*, 299 Ark. 126, 771 S.W.2d 744 (1989). Moreover, the law of the case doctrine also prevents consideration of an argument that could have been made at the first trial. *Willis* v. *Estate of Adams, supra; see also Widmer* v. *Widmer*, 292 Ark. 384, 729 S.W.2d 422 (1987).

McDonald's was not precluded from raising the issue presently before this court during the previous appeal. Therefore, the doctrine of the law of the case must be invoked. We affirm the trial court.

HAYS, J., not participating in final vote.

GLAZE, J., not participating.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### MARCH 6, 1995

894 S.W.2d 136

APPEAL & ERROR — LAW OF THE CASE — ORDER AT ISSUE PRESENTED TO COURT IN FIRST APPEAL. — The law of the case doctrine exists to prevent fragmented appeals, particularly when the order at issue was part of the record presented to the court in the appellant's first appeal.

Petition for Rehearing denied.

*Boswell, Tucker & Brewster*, by: *Dennis J. Davis*, for appellant.

*Mark S. Cambiano*, for appellees.

JACK HOLT, JR., Chief Justice. This case was certified to us from the Arkansas Court of Appeals as it was a second appeal following our decision in *McDonald's Corp.* v. *Hawkins*, 315 Ark. 487, 868 S.W.2d 78 (1994). In the first appeal, notice of which was filed on March 15, 1993, the appellant, McDonald's Corporation, appealed from the trial court's failure to set aside a default judgment entered against it.

In the first case, we specifically pointed out that the chancellor had concluded that default judgment should stand, observing that the issue McDonald's Corporation raised on appeal appeared to have been decided in its favor, and that the chancellor had, in fact, addressed the merits of the motion and denied its request to set aside the default judgment.

The only issue raised in that appeal was whether or not a motion to set aside a default judgment is deemed denied within thirty days of filing under Ark. Rule App. 4(c). The transcript of trial contained a letter opinion issued by the trial court on April 12, 1993, which was memorialized by its order on April 30, 1993, denying McDonald's motion to set aside the default judgment. Also included in the transcript was McDonald's second notice of appeal, appealing the April 30 order. Since the ultimate issue was the same, *i.e.*, whether or not the trial court should set aside the default judgment, and the parties were the same, McDonald's should have raised that issue in the first appeal. By McDonald's failure to do so, its second appeal became subject to the operation of the doctrine of law of the case.

■ In affirming the trial court's finding that the motion to set aside the judgment should not be granted, we held in *McDonald's Corp.* v. *Hawkins*, 319 Ark. 1, 888 S.W.2d 649 (1994), that the law of the case applied, referring to the fact that, in our earlier opinion, we made reference to the trial court's letter opinion and that "the chancellor concluded that the default judgment should stand and an order was entered denying the motion." We do not retreat from this position. The law of the case doctrine exists to prevent fragmented appeals of this nature, particularly when the order at issue was part of the record presented to the court in the appellant's first appeal.

In sum, we again affirm the trial court and deny the petition for rehearing.

DUDLEY and NEWBERN, JJ., concur.

GLAZE and ROAF, JJ., not participating.

ROBERT H. DUDLEY, Justice, concurring. I concur in denying the petition for rehearing, but do not agree that the rehearing should be based on the law of the case. I would reach the merits of the case.

In August 1992, the Hawkinses sold some land in Conway County to McDonald's. The parties agreed to a restrictive covenant in which the Hawkinses would not use their adjoining land for certain types of restaurant purposes for a twenty-year period. In November 1992, three months later, the Hawkinses filed suit against McDonald's to have the restrictive covenant declared void.

On November 4, 1992, a summons and petition were mailed to McDonald's. They received them on November 6. The summons warned McDonald's, an out-of-state corporation, that it had twenty days in which to answer. According to our Rule of Civil Procedure, an out-of-state corporation actually has thirty days in which to respond.

On December 17, 1992, or forty-one days after service was perfected, the chancellor entered a default judgment voiding the covenant. On January 15, 1993, McDonald's filed a motion to set aside the default judgment. The basis of the motion was the erroneous warning of the time in which to respond and that it

had a meritorious defense. On March 4, 1993, the chancellor heard the motion. McDonald's presented testimony and evidence in support of its motion. The chancellor asked the parties whether the motion was deemed denied under Ark. R. App. P. 4 (c) and (d) because it had not been heard within thirty days from filing of the motion. The trial court did not rule on the merits of the motion and asked the parties to file briefs on both the merits and the question about Ark. R. App. P. 4. *McDonald's Corp.* v. *Hawkins*, 315 Ark. 487, at 488, 868 S.W.2d 78, 79 (1994). (Ark. R. App. P. 4 involves disposition of posttrial motions. Quite different, Rule 60 of the Arkansas Rules of Civil Procedure involves relief from a judgment, decree, or order.)

On March 15, 1993, the chancellor had not ruled on the motion. McDonald's attorneys feared that the motion would be deemed denied if not ruled on in thirty days and gave notice of appeal solely on that one issue. This notice of appeal was the first step in the process that eventually resulted in opinion in *Hawkins I.*

On April 30, 1993, or forty-five days after the notice of appeal was filed, the chancellor denied the motion to set aside the default judgment on its merits. The Hawkinses pointed this out in their brief on appeal in *Hawkins I.* Consequently, we held that the chancellor had not ruled that the petition was deemed denied, and the only issue on appeal was therefore moot. We said:

> [W]hen there is no party that has been disadvantaged by an adverse ruling, there is no justiciable issue, and the appellate court has no jurisdictional basis upon which to entertain the appeal. That is exactly what confronts us in this case. McDonald's prevailed before the chancellor on the sole point raised in this appeal and has no standing to prosecute the matter further at the appellate level.

> The appeal, therefore, is dismissed.

*Hawkins*, 315 Ark. at 489-90, 868 S.W.2d at 80. In summary, we dismissed McDonald's first appeal because we had "no jurisdictional basis."

After the chancellor's ruling on the merits on April 30, 1993, McDonald's gave a second notice of appeal. That notice of appeal

eventually resulted in our opinion in this case, *McDonald's Corp. v. Hawkins*, 319 Ark. 1, 888 S.W.2d 649 (1994), in which we held that the law of the case doctrine prevented McDonald's from raising an issue about the merits of the chancellor's ruling. We said that McDonald's should have raised any question about the merits of the ruling in the *Hawkins I.* I think we were wrong in so holding. McDonald's gave its first notice of appeal forty-one days before the chancellor decided the merits of the motion. McDonald's could not have raised an issue about a ruling on the merits when the chancellor still had not decided the issue. In addition, we held that we had "no jurisdictional basis" for the first appeal. If we had no jurisdictional basis for the first appeal, then the doctrine of law of the case should not attach to the second appeal.

Still, I would deny the petition for rehearing on the merits of the case. Under the facts of this case, it is immaterial that the summons erroneously warned McDonald's that it had twenty days to respond, rather than thirty days, because service was had on November 6, 1992, and McDonald's did not respond until January 15, 1993, which was sixty-nine days later.