Robert CRAIG *v.* Mike TRAYLOR

95-789                                                    915 S.W.2d 257

Supreme Court of Arkansas
Opinion delivered February 12, 1996
[Petition for Rehearing denied March 11, 1996.*]

---

---

* BROWN, J., would grant.

*Everett, Mars & Stills*, by: *David D. Stills*, for appellant.

*Davis, Cox & Wright, PLC*, by: *Tim E. Howell*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Robert Craig, appeals the order of the Washington County Circuit Court granting summary judgment to appellee, Mike Traylor, on appellant's complaint for negligence. This appeal presents questions about the law of torts. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(16).

While employed by appellee, appellant injured his hand in a chain-and-sprocket mechanism of a fertilizer spreader owned by appellee. Appellant filed suit against appellee and the manufacturer of the spreader. The trial court entered an order granting summary judgment to appellee. That order is the sole subject of this appeal. Appellant's remaining claims against the manufacturer were tried to a jury that found in favor of appellant. The manufacturer has appealed the judgment entered pursuant to the jury verdict but is not a party to this appeal.

For reversal of the summary judgment, appellant contends there are disputed questions of fact. Prior to addressing these arguments, we consider two jurisdictional arguments raised by appellee. First, we address appellee's claim that appellant's notice of appeal was untimely because a timely notice of appeal is essential to this court's jurisdiction. *Binns* v. *Heck*, 322 Ark. 277, 908 S.W.2d 328 (1995); *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980) (per curiam). Second, we address appellee's claim that the trial court lacked subject-matter jurisdiction to determine whether appellee was required to provide workers' compensation coverage to appellant. When the trial court lacks subject-matter jurisdiction, the appellate court also lacks jurisdiction. *Priest* v. *Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995).

## NOTICE OF APPEAL

On May 5, 1995, following the entry of the final judgment pursuant to the jury's verdict, appellant filed a notice of appeal from the order entered April 21, 1995, that granted summary judgment to appellee. Appellee contends this notice of appeal was ineffective pursuant to Ark. R. App. P. Civ. 4(c) (1996) because it was filed prior to the filing and denial of the manufacturer's motion for judgment notwithstanding the verdict. Rule 4(c) clearly provides that when *any party* files a specified post-trial motion, the time for appeal for *all parties* runs from the entry of the order disposing of the motion or from the deemed-denied date. Thus, according to Rule 4(c), it may well be that because appellant's notice of appeal was filed prior to the disposition of the post-trial motion, it had no effect, and that appellant was required to file a new notice of appeal within thirty days of the trial court's disposition of the motion or the deemed-denied date. However, we cannot determine if that is the situation here because the manufacturer's post-trial motion and the trial court's order, if any, disposing thereof are not included as part of the record in this case. This court does not consider matters outside the record. *Widmer* v. *Widmer*, 288 Ark. 381, 705 S.W.2d 878 (1986). On the record before us appellant's notice of appeal was filed within thirty days of the final judgment and was therefore timely.

## APPLICABILITY OF WORKERS' COMPENSATION LAW

Should we decide the trial court erred in granting summary judgment, appellee requests that we provide guidance to the trial court on the matter of its "jurisdiction" to determine the applicability of the Workers' Compensation Law, Ark. Code Ann. §§ 11-9-101 to -1001 (1987 and Supp. 1995), and the agricultural farm labor exception to the definition of "employment" in section 11-9-102(12)(A)(iii).

In his second amended and substituted complaint, appellant alleged appellee "was engaged in the business of selling, delivering and spreading fertilizers and manure in agriculture in Washington County, Arkansas." Appellant also alleged that he was hired by appellee to operate certain spreaders used in appellee's business and that appellee was an "employer" as that term is defined by the Workers' Compensation Law and was therefore bound to provide compensation coverage to appellant. Appellant alleged further that appellee failed to provide such coverage.

Appellee denied that he was required to provide workers' compensation coverage to appellant and moved to strike as impertinent and immaterial the portions of appellant's complaint alleging to the contrary. Alternatively, appellee moved that appellant be required to elect between the remedies of filing a claim for workers' compensation with the Workers' Compensation Commission or pursuing a cause of action for tort in circuit court. The trial court denied both motions, and after a hearing on the question of whether it had jurisdiction to determine the application of the Workers' Compensation Law to this case, entered an order concluding its jurisdiction of the coverage question was concurrent.

Appellee contends the Commission has exclusive jurisdiction to determine the applicability of the Workers' Compensation Law and cites two sources of secondary authority addressing the question of whether the courts or the agency should determine the applicability of workers' compensation laws to a given case. Daniel Keating, *Employee Injury Cases: Should Courts or Boards Decide Whether Workers' Compensation Laws Apply?*, 53 U. Chi. L. Rev. 258 (1986); 2A Arthur Larson, *The Law of Workmen's Compensation* § 67.60 (1995). Appellant does not respond to this argument. While both sources cited by appellee

suggest that exclusive jurisdiction in the agency is superior to concurrent jurisdiction in the courts and agency, our cases suggest to the contrary. *See, e.g., Lively* v. *Libbey Memorial Physical Medical Ctr., Inc.*, 317 Ark. 5, 875 S.W.2d 507 (1994) (indicating that either the Workers' Compensation Commission or the circuit court must determine the applicability of the Workers' Compensation Law prior to the circuit court's granting of summary judgment). Therefore, we conclude the trial court did not err in holding that it had concurrent jurisdiction to determine the applicability of the Workers' Compensation Law.

■ We observe, however, that although the trial court ruled it had concurrent jurisdiction to determine the applicability of the Workers' Compensation Law to this case, it never ruled whether the Workers' Compensation Law did or did not apply to this case. The applicability issue was left unresolved below, and is therefore waived on appeal. *Brumley* v. *Naples*, 320 Ark. 310, 896 S.W.2d 860 (1995).

## DISPUTED FACT QUESTIONS

Appellant raises only one point of appeal in his brief, that the trial court erred in granting summary judgment because there existed genuine issues of material fact relating to negligence and proximate causation. Specifically, appellant contends there were disputed facts relating to appellee's failure to provide safe equipment as required by OSHA regulations, 29 C.F.R. § 1928.57, appellee's failure to instruct on the proper procedures for cleaning and maintaining the spreader, appellee's failure to warn of the dangers of the spreader, and whether appellant's injuries were proximately caused by appellee's alleged negligence.

■ In *Cash* v. *Lim*, 322 Ark. 359, 908 S.W.2d 655 (1995), this court summarized its standards for summary-judgment review:

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. The burden of sustaining a motion for summary judgment is always the responsibility of the

moving party. All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law. . . .

Accordingly, it is the moving party who has the burden of presenting evidence to sustain a summary judgment, and all proof submitted must be viewed in the light most favorable to the opposing party. It is further well-settled that once the moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.

*Id.* at 362, 908 S.W.2d at 656-57 (citations omitted).

Appellee moved for summary judgment without explanation, simply stating there were no disputed issues of fact and claiming entitlement to judgment as a matter of law. Attached to the motion was a portion of appellant's deposition, wherein appellant stated that while the truck that housed the spreader was running, he noticed some chicken litter in and around the sprockets, that he thought the litter needed to be cleaned out, and that he stuck his hand in the sprocket area and began cleaning it when one of the sprockets caught his glove resulting in the injury to his hand. Appellant also stated that, because it was a "little bit safer," he usually turned the truck off before he cleaned the sprocket area so that the chain and sprocket would not be moving, but that he left the truck running that day because there was still litter running out of the back of the truck bed. Also attached to appellee's motion were his own affidavit and parts of his own deposition wherein he stated that while driving appellant to the hospital, appellant stated that he stuck his hand in the sprocket mechanism and that "[i]t was dumb."

Appellant's response to the motion included an affidavit from Dr. Albert L. Mink, an agricultural engineer from Arkansas State University. Dr. Mink averred that he was a certified

OSHA instructor, that he had inspected the spreader that injured appellant, and that 29 C.F.R. § 1928.57 requires employers to protect employees from inadvertently coming in contact with hazards created by moving machinery parts on agricultural equipment, either by location or by installing and using a guard. Dr. Mink opined that appellee was in violation of 29 C.F.R. § 1928.57. Also attached to appellant's response was a portion of appellee's deposition wherein appellee stated that he did not remember instructing appellant on any cleaning procedures for the spreader except to "[j]ust [k]eeping, you know, the catwalks clean is basically what I told him." Appellee stated that he did not give any instructions on general maintenance and service of the spreader. Appellee stated that he received an operations manual when he purchased the spreader but did not show it to his employees, nor did he ever show his employees any type of written instructions or warnings. Appellee stated there was no warning on the spreader about the danger of sticking a hand in the sprocket area.

The trial court granted summary judgment without explanation. The order stated simply that there was not sufficient evidence for a trier of fact to find that appellee was negligent or that his actions proximately caused appellant's injury. Given the depositions attached to the motion and response, we find it is implicit in the trial court's order that its resolution of this case was based solely on contributory negligence or comparative fault.

■■ Under the comparative fault statute, there must be a determination of proximate cause before any fault can be assessed against a claiming party, and proximate cause is generally a question for the jury. *Williams* v. *Mozark Fire Extinguisher Co.*, 318 Ark. 792, 888 S.W.2d 303 (1994). Proximate cause becomes a question of law only if reasonable minds could not differ. *Id.* Proximate cause is defined as "that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Id.* at 796, 888 S.W.2d at 305. Appellant presented some evidence that appellee failed to instruct appellant on operating and cleaning procedures for the spreader and that appellee failed to take steps to protect appellant from inadvertent contact with the sprocket mechanism as required by 29 C.F.R. § 1928.57. Reasonable minds could

therefore differ as to whether appellee's or appellant's actions were the proximate cause in this case. In addition, violation of a safety statute is evidence of negligence to be considered by a jury, provided the violation is the proximate cause of the injury. *Thomson* v. *Littlefield*, 319 Ark. 648, 893 S.W.2d 788 (1995). Consequently, we conclude the trial court invaded the province of the jury, at least by resolving the proximate cause issue, and thereby erred in granting judgment as a matter of law. We therefore reverse the order granting summary judgment and remand for a new trial.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. What was done in this case by the plaintiff, Robert Craig, is akin to cleaning sawdust from a chain saw while it is running or grabbing the hot end of a branding iron. Craig himself admitted to Traylor that what he did was "dumb" and said he usually turned the manure spreader off before attempting to clean the chain and small sprocket area. To actually get to the small sprocket and clean where his hand got caught, Craig had to bend down and reach into metal housing which covered the small sprocket. There was no surprise as to how the equipment operated. Craig could see that. The sum and substance of this case comes down to whether the employer had a duty to tell his employee to turn off the manure spreader before attempting to clean it. I believe that there was no duty to tell the employee the obvious, and for that reason, I would affirm.

Whether a duty exists is always a question of law. *First Commercial Trust Co.* v. *Lorcin Eng'g*, 321 Ark. 210, 900 S.W.2d 202 (1995); *Carroll Elec. Coop. Corp.* v. *Carlton*, 319 Ark. 555, 892 S.W.2d 496 (1995); *Bartley* v. *Sweetser*, 319 Ark. 117, 890 S.W.2d 250 (1994). We have stated that there is no duty to warn when the danger is obvious. *Allen* v. *Lake Catherine Footwear*, 246 Ark. 237, 437 S.W.2d 803 (1969) (flammable solvent). We have recently said that there is no duty to warn when the danger, or potential for danger, is generally known and recognized. *First Commercial Trust Co.* v. *Lorcin Eng'g, supra* (firearm sales). And we have affirmed a summary judgment premised on the obvious danger rule pertaining to the owner or occupier of land. *See Jenkins* v. *International Paper*

*Co.,* 318 Ark. 663, 887 S.W.2d 300 (1994). The obvious danger rule does not apply when an invitee is forced, as a practical matter, to encounter the danger in order to perform his job. *See Carton* v. *Missouri Pacific Railroad,* 303 Ark. 568, 798 S.W.2d 674 (1990). Nor should it apply when a farm employee is forced to encounter danger on the job.

We have held that a *manufacturer's* duty to warn could not be decided as a matter of law. *See Hergeth, Inc.* v. *Green,* 293 Ark. 119, 733 S.W.2d 409 (1987). In *Hergeth,* a worker had his hand amputated by a rotating beater in a flock-feeder machine, which was housed behind a plexiglass window. He had reached in behind the window to retrieve some hangers. The manufacturer raised the argument that there was no duty to warn about work with a flock-feeder machine because the danger was open and obvious. We held that the manufacturer had a duty to warn of inherent dangers and that whether the danger was open and obvious was for the jury to decide on proper instructions.

Here, the issue is not the duty of the manufacturer to warn about its equipment but the duty owed by the employer to warn about an obvious danger. There is clearly an issue of fact over whether Traylor told Craig to clean the manure spreader. But assuming he did, does the duty to warn entail telling Craig to turn off the spreader before he begins cleaning chicken litter from the area of a sprocket and chain? I do not think so.

Were this merely a causation issue, I would agree with the majority that a fact question is presented. But it is not. The appropriate analysis is over the duty to warn, and because of our workers' compensation laws there is little authority on this point in the master/servant context. I also disagree with the majority opinion that the OSHA regulation (29 C.F.R. § 1928.57) is pertinent. That regulation requires employers to protect employees from *inadvertently* coming into contact with the hazardous machinery. Inadvertence is not at issue here. Craig purposefully reached into the covered area where the small sprocket and chain were located. Craig's various statements in depositions substantiate that.

Though the circuit court entered summary judgment due to no genuine issues of material fact, I would affirm the court on the basis that no duty existed to warn the employee under these

facts to turn off the chain and sprocket before cleaning that area.

I respectfully dissent.