2011 Ark. 46

**Minor Lee McNEIL, Appellant**

v.

**Richard WEISS, Director, Department of Finance and Administration of the State of Arkansas, Appellee.**

**No. 10–337.**

Supreme Court of Arkansas.

Feb. 9, 2011.

Pro se appellant.

William E. Keadle, Department of Finance and Administration, for appellees.

ROBERT L. BROWN, Justice.

Appellant Minor Lee McNeil petitioned for a writ of mandamus concerning overpayments of state income taxes made to the Arkansas Department of Finance and Administration (DFA). The circuit court denied the petition. We affirm.

McNeil worked for the University of Arkansas for Medical Sciences (UAMS) for the tax years 2007 and 2008. UAMS paid him income for the services he provided in both years. McNeil reported to DFA that he had received no taxable income during those two reporting years and demanded that DFA refund his overpayment of withheld taxes for 2007, which DFA refused. McNeil also demanded that the DFA refund his overpayment of taxes for 2008 and, apparently, DFA complied. DFA, however, later requested that McNeil return what was refunded to him after it was determined that the refund for tax year 2008 had been improperly claimed. An administrative hearing before a DFA administrative law judge was held, and subsequently, DFA issued final assessments to McNeil for tax years 2007 and 2008 on November 12, 2009, and November 26, 2009, respectively.

McNeil, acting pro se, next filed a "Petition for Mandamus to the Arkansas Department of Finance Administration in the Nature of a Claim of Federal Right and Judicial Notice" in the circuit court. In his petition, he claimed that DFA acted illegally, without due process of law, and in excess of its authority, when it attempted to assess and collect Arkansas individual income taxes from him. He argued that he had no taxable income because money obtained as the fruit of honest labor and as pay for the performance of work is property, not income. McNeil further contended that an individual is liable for state income tax only through voluntary self assessment and payment, not by force of law. By attempting to impose a tax on income by force of law, he continued, DFA violated constitutional protections and state and federal criminal statutes. For these reasons, he advocated that a writ of mandamus was proper, directing DFA to refund all withheld taxes for 2007 and 2008.

DFA, through its director Richard Weiss, responded by moving to dismiss McNeil's petition. It advanced the following grounds for dismissal: (1) insufficiency of the mandamus petition; (2) insufficiency of the petition as a complaint; (3) failure to demonstrate subject-matter jurisdiction; and (4) failure to state facts on which relief may be granted.

On February 17, 2010, the circuit court dismissed McNeil's petition and found that the court did not have subject-matter jurisdiction over McNeil's claim because he failed to follow the procedural requirements for a judicial remedy under the Arkansas Tax Procedure Act, he failed to state facts upon which relief can be granted, and he failed to plead an illegal exaction under article 16, section 13 of the Arkansas Constitution properly.

We begin by noting our standard of review for a circuit court's decision granting a motion to dismiss a petition or complaint:

[W]e treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. However, our rules require fact pleading, and a complaint must state facts, not

mere conclusions, in order to entitle the pleader to relief.

*Ark. Dep't of Envtl. Quality v. Oil Producers of Ark.,* 2009 Ark. 297, at 5, 318 S.W.3d 570, 572–73 (citing *Ark. Tech. Univ. v. Link,* 341 Ark. 495, 501, 17 S.W.3d 809, 812 (2000)).

 At the outset, we stress that McNeil's brief is riddled with conclusory statements of law, unsupported by facts or legal arguments, and overall is incoherent. Further, McNeil never addresses the grounds cited by the circuit court in its order of dismissal, which were failure to comply with the procedures in the Arkansas Tax Procedures Act, failure to state facts on which relief can be granted, and failure to file an illegal exaction claim properly. Instead, he makes an argument on the merits that DFA improperly assessed individual income taxes against him, and he cites to generally inapplicable federal law as well as to other states' constitutions. In short, he has made no argument about why or how the circuit judge erred in dismissing his claim on the three grounds cited.

 It is not the duty of this court to research or develop arguments for an appellant on appeal. *See Martin v. Pierce,* 370 Ark. 53, 63–64, 257 S.W.3d 82, 90 (2007). Indeed, we have often said that failure to develop an argument precludes review by this court of the issue on appeal. *See, e.g., Davis v. State,* 375 Ark. 368, 375, 291 S.W.3d 164, 169 (2009). But, in addition, this court has held that where the trial court based its decision on two independent grounds and appellant challenges only one on appeal, the appellate court will affirm without addressing either. *See Coleman v. Regions Bank,* 364 Ark. 59, 64, 216 S.W.3d 569, 573 (2005). Hence, it necessarily follows that where the circuit court has dismissed a complaint on three independent grounds—lack of subject-mat-

ter jurisdiction, failure to state sufficient facts, and lack of an illegal exaction—and McNeil has failed to address *any* of those grounds in his appellate briefs, this court should affirm.

To summarize, based on the fact that McNeil has only presented arguments not decided by the circuit court, failed to make any argument on appeal relating to why his case was actually dismissed, and because his brief is almost entirely incomprehensible as a legal brief, this court must affirm the circuit court's order of dismissal. *See Widmer v. Taylor,* 296 Ark. 337, 756 S.W.2d 903 (1988) (affirming the circuit court's dismissal of appellant's complaint, in part, because his brief was "an incoherent conglomeration of statements and arguments which cannot be fairly characterized as a legal brief").

Affirmed.