Cite as 2021 Ark. App. 408

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-20-616

| | |
|---|---|
| MINOR L. MCNEIL<br><br>                                    APPELLANT<br><br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF<br>FINANCE AND ADMINISTRATION;<br>ROBERT PUGH, MANAGER; AND<br>WADE GAMBILL, AUDITOR<br>                                    APPELLEES | OPINION DELIVERED October 27, 2021<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>TWELFTH DIVISION<br>[NO. 60CV-20-2487]<br><br><br>HONORABLE ALICE S. GRAY,<br>JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Minor McNeil brings this pro se appeal of the September 14, 2020 Pulaski County Circuit Court order of dismissal with prejudice of his complaint for the return of private property, specifically in the form of taxes he claimed were illegally collected. McNeil argues multiple issues including constitutionality claims, state-taxation authority, reservation of power, private-property questions, and de facto government allegations related to his most recent lawsuit against the Arkansas Department of Finance and Administration (DFA). Because McNeil has failed to make any argument on appeal relating to the actual bases on which his lawsuit was dismissed, we affirm.

## I. *Facts and Procedural History*

A long-standing disagreement has been established during multiple previous lawsuits between McNeil and DFA regarding what the Arkansas Constitution defines as the reserved

immunities of its people; what Arkansas taxing statutes clearly state—as passed by the legislature; and how those laws vary from the way in which DFA interprets and administers its tax programs.

Since 2006, McNeil has communicated with DFA during each annual "tax return" period and has submitted requests for the refund of his private property from DFA—property that he maintains has not been described in the Arkansas taxing statutes under its definitions found there, as "gross income" or a gain being "derived" therefrom. McNeil submits that his property was taken pursuant to a payroll-deduction "scheme" authorized by the state legislature. He maintains that the amount of his private property that has been illegally taken now exceeds $50,000 and is ongoing as evidenced by records of this history in DFA's possession.

McNeil has been before the Arkansas Supreme Court regarding virtually these same issues. *See McNeil v. Weiss*, 2011 Ark. 46, 378 S.W.3d 133. He has also raised these issues in a federal case, which made it to the Eighth Circuit Court of Appeals, *see McNeil v. United States*, 125 A.F.T.R.2d (RIA) 2020-2604, (E.D. Ark. June 22, 2020), aff'd, 839 F. App'x 29 (8th Cir. 2021) (per curiam).

Then, as now, still in contemplation of the alleged unconstitutional behavior of the State of Arkansas and its administrative agencies, McNeil argues that the State of Arkansas and DFA's acts are in violation of its constitution as well as our supreme court's own precedent in *Simms v. Ahrens*, 167 Ark. 557, 271 S.W. 720 (1925). McNeil argues that, after many additional years of research, the record of the circuit court below proves beyond any doubt that the now de facto corporate State of Arkansas is an instrumentality of a unitary

2

military government engaged in war against the American people and using those belligerent powers to take private property as an act of treason.

McNeil urges that he has been deprived of due process in Arkansas by having been refused a jury trial on the issues presented below. He maintains that the circuit court denied his right and followed the directions of DFA's counsel by dismissing the case with prejudice in a treasonous act. He maintains that the court's decision was made despite DFA's having made no appearance in court, having provided no testimony, nor having offered any evidence in response to McNeil's complaint.

McNeil's first complaint in this particular lawsuit against DFA was dismissed without prejudice. On April 3, 2020, McNeil filed his second complaint, which he titled "Complaint for Return of Private Property for Return of Taxes Illegally Collected 1.26-18-507(e)(2) Judicial Relief" ("Complaint"). McNeil's Complaint and briefs appear to contest the legal authority of the State of Arkansas to levy on wages its income tax and income-tax withholding on grounds that the State of Arkansas is engaged in treason with the federal government and therefore does not exist.

On May 7, DFA moved to dismiss for several failures of the Complaint, namely (1) failure to state facts that would establish jurisdiction over the subject matter with the court; (2) failure to state facts on which relief can be granted; and (3) failure to join a necessary party. In its September 9 order to dismiss with prejudice McNeil's complaint against DFA, the circuit court "grant[ed DFA's] Motion to Dismiss for all the reasons set forth therein." The reasons stated in DFA's motion to dismiss included (1) that McNeil failed to state facts

3

upon which relief can be granted, (2) that the court lacked jurisdiction over the subject matter, and (3) that McNeil failed to join a necessary party.

In *McNeil*, 2011 Ark. 46, at 4, 378 S.W.3d at 135, our supreme court affirmed the circuit court order of dismissal of Mc Neil's lawsuit:

> To summarize, based on the fact that McNeil has only presented arguments not decided by the circuit court, failed to make any argument on appeal relating to why his case was actually dismissed, and because his brief is almost entirely incomprehensible as a legal brief, this court must affirm the circuit court's order of dismissal. *See Widmer v. Taylor*, 296 Ark. 337, 756 S.W.2d 903 (1988) (affirming the circuit court's dismissal of appellant's complaint, in part, because his brief was "an incoherent conglomeration of statements and arguments which cannot be fairly characterized as a legal brief").

Because McNeil likewise failed to raise any argument in his brief regarding the specific bases on which the circuit court dismissed his lawsuit, we decline to address the issues he does raise and must affirm the findings in the September 9, 2020 order of dismissal.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Minor L. McNeil*, pro se appellant.

*James Christopher McNeal*, Ark. Dep't of Fin. & Admin. Off. of Revenue Legal Counsel, for appellee.