Kathy WILLIAMS, d/b/a the Corner Fast Food Restaurant
*v.* MOZARK FIRE EXTINGUISHER COMPANY

94-483                                      888 S.W. 2d 303

Supreme Court of Arkansas
Opinion delivered December 5, 1994

*Roy & Lambert,* by: *Jon P. Robinson* and *Brian D. Wood,* for appellant.

*Bassett Law Firm,* by: *Curtis L. Nebben,* for appellee.

ROBERT H. DUDLEY, Justice. In December 1987, Kathy Williams employed the Mozark Fire Extinguisher Company to install a fire extinguishing system in her restaurant. The system was designed to automatically activate in case of a fire in the area under a cooking hood. Upon activation the system was to blanket the area with sodium bicarbonate so that a fire would be smothered. The system was also designed to accommodate an electrical power shut-off device for cooking appliances. However, Mozark offered testimony that it was not involved with the installation of the electrical shut-off system, but instead that work was to be done by an independent electrician. There was no showing by Williams that any electrician hired to connect the system had any association with Mozark.

On May 13, 1988, five months after the system was installed, a repairman employed by Williams apparently removed the high temperature limit thermostat from one of the deep fat fryers. A cook later filled the fryer with cooking oil and plugged it into an electrical outlet. The cook noticed that it was smoking more than normal, unplugged it, and called the restaurant manager. The manager came to the restaurant, again plugged it in, and left the restaurant to find the repairman. The oil in the fryer caught fire. A waitress and a customer testified that the fire extinguishing system activated. The waitress testified that the chemical controlled the fire momentarily, but, after it stopped spraying, the fire reignited.

Mozark offered testimony to show that after the system releases the sodium bicarbonate over the appliance area, the fire is smothered because of lack of oxygen, but, if an appliance is overheated by electricity and the electricity remains on and continues to overheat the appliance, the oxygen seal will be lost and the hot appliance will reignite the fire. There was additional testimony that the power shut-off system did not activate.

Williams sued Mozark in tort for negligent design and installation of the system. Mozark answered that Williams was guilty of contributory negligence. On July 16, 1993, Williams amended her complaint to allege breach of implied warranty of fitness for a particular purpose. This breach of contract amendment was made more than five years after the fire, and there was no allegation that Williams had given Mozark prior notice of the alleged breach. After Williams presented her case-in-chief, the trial court directed a verdict for Mozark on the contract count because there was no proof of notice as required by the Uniform Commercial Code. The trial court submitted the tort count to the jury, and it found Williams to be one hundred percent at fault and Mozark to be without fault. Williams appeals both counts. We affirm.

Mozark had the burden of proving Williams's contributory negligence. *Young* v. *Johnson*, 311 Ark. 551, 845 S.W.2d 510 (1993). Williams argues that the trial court erred in refusing to direct a verdict in her favor on Mozark's affirmative defense of contributory negligence. It is well settled that:

> The test for the trial court in ruling on a motion for a directed verdict by either party is to take that view of the evidence that is most favorable to the non-moving party and give it its highest probative value, taking into account all reasonable inferences deducible from it; after viewing the evidence in this manner, the trial court should: (1) grant the motion only if the evidence is so insubstantial as to require that a jury verdict for the non-moving party be set aside, or (2) deny the motion if there is substantial evidence to support a jury verdict for the non-moving party. *Farm Bur. Mut. Ins. Co.* v. *Henley*, 275 Ark. 122, 628 S.W.2d 301 (1982). Substantial evidence is that which is of sufficient force and character that it will compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture. *Id.*

*Young*, 311 Ark. at 556, 845 S.W.2d at 513 (quoting *Kinco, Inc.* v. *Schueck Steel, Inc.*, 283 Ark. 72, 671 S.W.2d 178 (1984)).

Here, there was substantial evidence to support a finding of negligence on the part of Williams. There was evidence that Williams's employees knew the fryer was not working properly, yet again plugged it in and left it to catch fire. There was

evidence that Williams failed to hire an electrician to properly connect the automatic power shut-off system and that, in turn, the failure of the shut-off system was the cause of the fire reigniting. Even so, Williams argues that the foregoing is irrelevant because the proximate cause of her loss was that the system failed to extinguish the fire, regardless of how negligent she might have been in causing the fire. The argument is without merit.

While it is accurate to state that a plaintiff's own negligence is not always a proximate cause of his damages, *see Kubik v. Igleheart*, 280 Ark. 310, 657 S.W.2d 545 (1983), such is not the case now before us. Here, Williams's negligence was a contributing proximate cause of her own damages. Proximate cause is that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. *Id.* The fire and resulting damages would not have occurred without the negligence of Williams and her employees. Our comparative statute provides: "The word 'fault' as used in this section includes any act, omission, conduct, risk assumed, breach of warranty, or breach of any legal duty which is a proximate cause of any damages sustained by any party." Ark. Code Ann. § 16-64-122(c) (Supp. 1993). Thus, Williams's conduct is to be viewed as to whether it was a proximate cause of her *damages.*

Williams correctly states that under the comparative fault statute there must be a determination of proximate cause before any fault can be assessed against a claiming party. *Skinner v. R.J. Griffin & Co.*, 313 Ark. 430, 855 S.W.2d 913 (1993). However, proximate cause is generally a question for the jury. *Id.* Only if reasonable minds could not differ does it become a question of law. *Id.* Here, the evidence regarding proximate cause was sufficient to go to the jury.

Williams next argues that the trial judge erred in directing a verdict in favor of Mozark on her count for breach of implied warranty of fitness for a particular purpose. Williams first indicated a reliance on this theory of recovery in her second amended complaint, filed July 16, 1993, more than five years after the fire. At trial, after Williams's case-in-chief, appellee moved for a directed verdict on the basis of lack of notice of this theory of recovery. The trial judge granted the motion.

■■ The Uniform Commercial Code provides that a "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Ark. Code Ann. § 4-2-607(3)(a) (Repl. 1991). We have held that the giving of reasonable notice is a condition precedent to recovery under the provisions of the commercial code and that the giving of notice must be alleged in the complaint in order to state a cause of action. *L.A. Green Seed Co.* v. *Williams*, 246 Ark. 463, 438 S.W.2d 717 (1969). In *L.A. Green Seed Co.*, we affirmed a directed verdict in favor of the defendant because the giving of notice was not alleged in the complaint. We have additionally stated that the notice must be more than a complaint. *Cotner* v. *International Harvester Co.*, 260 Ark. 885, 545 S.W.2d 627 (1977). Thus, under the statute, Williams failed to give proper notice by the filing of her second amended complaint.

■ Williams contends that the purpose behind the notice requirement is not present in this case because the product was destroyed, and, therefore, we should not follow the literal wording of the statute. The purpose of the statutory notice requirement of a breach is twofold. First, it is to give the seller an opportunity to minimize damages in some way, such as by correcting the defect. Second, it is to give immunity to a seller against stale claims. *L.A. Green Seed Co.*, 246 Ark. at 468, 438 S.W.2d at 720. While it is true that the system was destroyed and the seller can no longer minimize damages, the other statutory purpose is present. Thus, we decline to ignore the statutory requirement.

We treat Williams's next two assignments of error together. In these points she contends that the trial judge erred in submitting interrogatories to the jury. The interrogatories complained of are numbers 1 and 3. They read as follows:

> *Interrogatory No. 1*: Do you find from a preponderance of the evidence that there was negligence upon the part of Kathy Williams, d/b/a The Corner Fast Foods, which was a proximate cause of any damages?

> *Interrogatory No. 3*: Using 100% to represent the total fault for the occurrence and any damages resulting from it, apportion the responsibility between the parties.

The jury answered "yes" to the first interrogatory and apportioned one hundred percent of the fault to Williams and zero percent to Mozark in response to number three.

Williams contends that the trial court erred in submitting the case to the jury on interrogatories instead of on a general verdict, but this is a matter that is within the discretion of the trial court. *Thompson* v. *Sanford*, 281 Ark. 365, 663 S.W.2d 932 (1984). Williams offers no convincing argument as to how the trial judge abused his discretion in the matter. She does not contend that the instructions do not correctly state the law. Rather, she contends that the jury was confused by the instructions and that confusion caused the jury to render a defendant's verdict. She contends that the interrogatory about her contributory negligence caused the confusion. Interrogatory No. 2 asked the jury if they determined that any negligence that was the proximate cause of damages on the part of Mozark had been proved. Their response was "no." Thus, regardless of what the jury determined about Williams's conduct under interrogatories 1 and 3, the response to No. 2 indicates that the verdict would have been the same even if the case had been submitted on a general verdict.

Williams also argues that it was error to submit the interrogatories because there was no proof of her negligence. We have already discussed this issue and have held the trial court correctly refused to grant Williams's motion for a directed verdict. It logically follows that the trial court was correct in instructing the jury on the issue of her negligence.

Affirmed.