Herb ADAMS and Agri Air Services, LLC *v.*
WACASTER OIL COMPANY, Inc.

CA 02-199                                98 S.W.3d 832

Court of Appeals of Arkansas
Divisions II and III
Substituted Opinion[1] upon Grant of Petition
for Rehearing delivered March 5, 2003

[1] *Reporter's note*: The original opinion was unpublished.

*Ogles Law Firm*, by: *Johnson D. Ogles*, for appellants.

*Mark Alan Mayfield*, for appellee.

ANDREE LAYTON ROAF, Judge. Appellants, Herb Adams and Agri Air Services, appeal a Garland County Circuit Court award of summary judgment to the appellee, Wacaster Oil Company, Inc., on their claims for breach of contract, breach of express warranty, breach of implied warranty of fitness for a particular purpose, and implied warranty of merchantability. Appellants assert that the trial court erred in granting appellee's motion for summary judgment. In our original unpublished opinion in this case, issued October 23, 2002, we dismissed the appeal based upon the lack of a final order. The appellee timely filed a petition for rehearing and contended that the order appealed from was final because it dismissed the appellants' complaint with prejudice. We have granted the petition and reinstated the appeal. In this substituted opinion, we affirm the trial court's decision.

Appellants engage in the business of providing crop-dusting services. Appellee is a business that sells various types of fuel. On May 1, 1996, appellants purchased 1,500 gallons of aviation fuel from appellee. On June 17, 1996, a plane owned by appellants crashed. A Federal Aviation Administration investigation revealed that the plane did not contain the proper fuel.

Appellants filed suit on March 22, 2000, asserting breach of contract, breach of express warranty, breach of the implied warranty of fitness for a particular purpose, and breach of the implied warranty of merchantability. Appellee answered, asserting lack of notice as one of its defenses. Appellee then filed a motion for summary judgment. In its motion, appellee asserted that appellants had accepted the fuel and failed to give reasonable notice of the breach pursuant to Ark. Code Ann. § 4-2-607(3)(a) (Repl. 2001).

Following a hearing, the court granted appellee's motion. In its order, the court characterized the action as a breach-of-warranty action. The court found that Ark. Code Ann. § 4-2-607(a)(3) requires a buyer to give reasonable notice to the seller upon the discovery of any breach. The court also found that the giving of notice was a condition precedent to recovery and that appellants had failed to give appellee reasonable notice. While the order did not specifically address the appellants' breach-of-contract claim, it recited that "the plaintiff's complaint is dismissed . . . with prejudice." We have concluded that this is a final, appealable order, and we therefore address the merits of appellants' appeal.

The appellants argue that the trial court erred in granting the appellee's motion for summary judgment with respect to their claims for breach of contract and breach of warranty. Summary judgment should only be granted when it is clear that there are no disputed issues of material fact, and it is appropriate to sustain a grant of summary judgment if the evidence brought before the trial court by the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997). With regard to the contract claim, they assert that there was a contract because it is undisputed that appellants purchased 1,500 gallons of aviation fuel from appellee as evidenced by the written purchase order, that the fuel was defective and caused the crash of appellants' crop duster, and that the trial court ignored the breach-of-contract claim in the final order. Specifically, appellants contend that a breach-of-contract claim is not displaced by a breach-of-warranty claim pursuant to Ark. Code Ann. § 4-1-103 (Repl. 2001), which provides:

Unless displaced by the particular provisions of this subtitle, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

The trial court found that appellants were required to give notice of breach pursuant to Ark. Code Ann. § 4-2-607, which provides in pertinent part:

Where a tender has been accepted the buyer must within a reasonable time after he observed or should have observed any breach notify the seller of breach or be barred from any recovery.

Ark. Code. Ann. § 4-2-607(3)(a).

Although not relied upon by the trial court or appellee, the Uniform Commercial Code further provides, in Ark. Code Ann. § 4-2-714 (Repl. 2001) "Buyer's damages for breach in regard to accepted goods":

(1) Where the buyer has accepted goods *and given notification* (§ 4-2-607(3)) he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

(3) In a proper case any incidental and consequential damages under the next section may also be recovered.

(Emphasis added.) Additionally, Ark. Code Ann. § 4-2-715 (Repl. 2001) is referenced in the preceding section, and provides in pertinent part:

(2) Consequential damages resulting from the seller's breach include:

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had rea-

son to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

■ Finally, we note that the supreme court has stated in *Microsize, Inc. v. Arkansas Microfilm, Inc.*, 29 Ark. App. 49, 780 S.W.2d 574 (1989), that an action involving the sale of defective machinery was controlled by the Uniform Commercial Code rather than common law and that the giving of jury instructions on a breach-of-contract theory was error. We conclude that the trial court did not err in ruling that Ark. Code Ann. § 4-2-607 was applicable to the appellants' claim.

With regard to the claim for breach of warranty, the appellants contend that no particular form of notice to the seller is required and that the notice need not be in writing. They further assert that because they did not discover that the aviation fuel was defective until their airplane crashed, Ark. Code Ann. § 4-2-607 is inapplicable to the facts of this case. Finally, appellants contend that whether sufficient notice had been given was a question of fact and should not have been resolved through summary judgment.

■ ■ Appellants' argument must fail for several reasons. In *Williams v. Mozark*, 318 Ark. 792, 888 S.W.2d 303 (1994), the appellant had bought a fire-extinguishing system from appellee. The system failed, causing a fire and extensive damages. The trial court directed a verdict on appellant's claim for breach of warranty on the basis of lack of notice. In affirming, the supreme court stated:

> Williams next argues that the trial judge erred in directing a verdict in favor of Mozark on her count for breach of implied warranty of fitness for a particular purpose. Williams first indicated a reliance on this theory of recovery in her second amended complaint, filed July 16, 1993, more than five years after the fire. At trial, after Williams's case-in-chief, appellee moved for a directed verdict on the basis of lack of notice of this theory of recovery. The trial judge granted the motion.
>
> The Uniform Commercial Code provides that a "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred

from any remedy." Ark. Code Ann. § 4-2-607(3)(a) (Repl. 1991). We have held that the giving of reasonable notice is a condition precedent to recovery under the provisions of the commercial code and that the giving of notice must be alleged in the complaint in order to state a cause of action. *L.A. Green Seed Co. v. Williams*, 246 Ark. 463, 438 S.W.2d 717 (1969). In *L.A. Green Seed Co.*, we affirmed a directed verdict in favor of the defendant because the giving of notice was not alleged in the complaint. We have additionally stated that the notice must be more than a complaint. *Cotner v. International Harvester Co.*, 260 Ark. 885, 545 S.W.2d 627 (1977). Thus, under the statute, Williams failed to give proper notice by the filing of her second amended complaint.

Williams contends that the purpose behind the notice requirement is not present in this case because the product was destroyed, and, therefore, we should not follow the literal wording of the statute. The purpose of the statutory notice requirement of a breach is twofold. First, it is to give the seller an opportunity to minimize damages in some way, such as by correcting the defect. Second, it is to give immunity to a seller against stale claims. *L.A. Green Seed Co.*, 246 Ark. at 468, 438 S.W.2d at 720. While it is true that the system was destroyed and the seller can no longer minimize damages, the other statutory purpose is present. Thus, we decline to ignore the statutory requirement.

318 Ark. at 796-97, 888 S.W.2d at 305-06.

Clearly, *Williams v. Mozark* mandates that reasonable notice of the claim of breach of warranty was required even though appellants' airplane had crashed before the defect in the fuel was discovered, that the giving of notice must be more than a complaint, and that the giving of notice must be alleged in the complaint itself. Here, appellants did not allege the giving of notice in their complaint or in their response to the motion for summary judgment, and do not do so on appeal.

██ Under the circumstances of this case, the trial court did not err in granting summary judgment and dismissing appellants' complaint in its entirety with prejudice based upon the failure to give notice of "any breach" as required by Ark. Code Ann. § 4-2-607. We therefore affirm.

Affirmed.

PITTMAN, ROBBINS, and BIRD, JJ., agree.

NEAL and VAUGHT, JJ., would deny.

OLLY NEAL, Judge, dissenting. I would deny rehearing in this case because I believe the parties do not have a final appealable order.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. *Jackson v. Delis*, 76 Ark. App. 436, 67 S.W.3d 596 (2002). Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Van DeVeer v. George's Flowers Inc.*, 76 Ark. App. 408, 65 S.W.3d 488 (2002). Arkansas Rule of Civil Procedure 54(b) further provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final appealable order. *See* Ark. R. Civ. P. 54(b). When a court directs the entry of a final judgment as to fewer than all of the claims and finds no just reason for delaying an appeal, the court must execute a certificate of final judgment. *See Jackson v. Delis, supra*; Ark. R. Civ. P. 54(b).

In their complaint appellants asserted breach–of–contract and breach–of–warranty claims, and in their briefs the parties discuss both breach of contract and breach of warranty. However, in its order granting summary judgment, the court described the cause of action as merely a breach–of–warranty action and failed to address appellants' breach–of–contract claim. I believe the court failed to address all of appellants' claims. We also lack a certificate of final judgment. Therefore, we do not have a final appealable order. Thus, I believe this court is without jurisdiction to hear this case and the case should be dismissed.

VAUGHT, J., joins in this dissent.